Original,
No. 4743.

PUBLIC SERVICE COMPANY & a. v. STATE & a.

Argued April 7, 1959.

Decided April 21, 1959.

*Louis C. Wyman*, Attorney General, *Warren E. Waters*, Deputy Attorney General and *John N. Nassikas*, Special Counsel (*Mr. Nassikas* orally), for the State, for the motion.

*Sulloway, Hollis, Godfrey & Soden* (*Mr. Hollis* orally), for the companies, opposed.

PER CURIAM. The State's motion alleges that the data which it seeks to have produced should be received by this court in the

temporary rate case because "recoupment under RSA 378:29 is limited to a reasonable rate of return as provided in RSA 378:27 over the period of the recoupment from October 1, 1958, through February 12, 1959." Its argument in support of this part of its motion revolves around questions of proper interpretation of statutory provisions relating to the amount which may be recouped under RSA 378:29.

However, determination of the amount of any recoupment to be allowed the companies has not yet been undertaken by the Commission, and obviously must await the outcome of the pending appeals. Consequently no issue pertaining to that question is presently before this court, and we are not on that account concerned with the results of the companies' operations following close of the hearings before the Commission.

The State's motion alleges that the evidence should be received in the permanent rate proceedings, because it will tend to show that "the short term trend of erosion in rate of return . . . through November 30, 1958 was [thereafter] reversed," and should therefore be available in order to permit compliance with the statutory standard of review established by RSA 541:13.

The State contends that the evidence should be received to aid in evaluation of the Commission's alleged failure to recognize the increasing availability of accrued federal income taxes, and the "magnitude of [its] error" in forecasting the companies' income requirements on the basis of earlier declines in net operating income during the recent "short-term" recession.

The companies assert that since the requested data would reflect only two additional months of operations, they could not when related to preceding twelve-month periods, operate to reverse the downward trend of earnings available for common stock shown to have occurred since May 31, 1958, which was the end of the test year used in fixing permanent rates. They submit that the requested evidence is not significant in evaluating the decision of the Commission as to permanent rates, and would not affect the conclusion reached by the Commission even if presented to it for consideration upon remand as provided by RSA 541:14.

The decision of February 4, 1959, demonstrates that the Commission could not have been oblivious to the possibility of improved operations following the recession, which the majority referred to as having "occurred during the test year." The evidence which the motion seeks to have produced does not appear to be so

significant as to warrant a remand of the appeals to the Commission for its reception and consideration. Permanent rates are concededly made for the future upon forecasts which must necessarily recognize that conditions may later improve, deteriorate, or fluctuate. The reception of evidence in rate proceedings must at some time be brought to a close. For these reasons we conclude that justice does not require that the motion be granted.

*Motion denied.*